UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AARON RIFFLE, on Behalf of Himself and All Others Similarly Situated, | CASE NO. |
| Plaintiff, | |
| | JUDGE |
| v. | |
| | (JURY TRIAL DEMANDED) |
| CRISTY'S PIZZA, INC. | |
| C/O THOMAS JAMES CORBIN | Rule 216(B) Collective Action |
| 842 N. COLUMBUS ST. | Rule 23 Class Action |
| LANCASTER, OH 43130 | |
| | |
| JASON D. BIGGS | |
| 1424 TIKI LANE, | |
| LANCASTER, OH 43130 | |
| | |
| CHRISTOPHER L. HAMMACK | |
| 1424 TIKI LANE, | |
| LANCASTER, OH 43130 | |

## PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. The case implicates Defendants Cristy's Pizza, Inc.'s, Jason D. Biggs, and Chris Hammock's ("Defendants" collectively) violations of the Fair Labor Standards Act's ("FLSA"), namely the underpayment of their employees at the federally mandated minimum wage rate and violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01, *et seq.* for Defendants' failure to pay Plaintiff and all similarly situated workers their earned minimum wages. Plaintiff brings this case as a collective action under the

1

FLSA, 29 U.S.C. 216(b) and a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA.

2. Defendants systematically pay employees below the minimum wage rate by deducting cash shortages, uniforms, miscellaneous deductions, and other deductions and failures to properly reimburse its employees for costs and expenses in violation of the FLSA and, in Ohio, the OMFWSA.

3. Defendants' violated the FLSA and OMFWSA by making deductions that resulted in **the direct wage of Plaintiff below the minimum wage.** Plaintiff was required to purchase certain clothing to work for Defendants, pay for cash shortages, and pay miscellaneous charges which reduced his wages below the minimum hourly wage.

4. Defendant must compensate Plaintiff and all similarly situated workers at the full minimum wage rate, for all hours worked.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Aaron Riffle is an individual residing in Ohio. His written consent to this action is attached hereto as exhibit A.

8. The FLSA Class Members are all current and former "pizza pros," waitstaff, and delivery drivers employed by Defendants for at least one week during the three year period prior to the filing of this action to the present.

9. The Ohio Class Members are all current and former "pizza pros," waitstaff, and delivery drivers employed by Defendants in Ohio for at least one week during the three year period prior to the filing of this action to the present.

10. The FLSA Class Members and the Ohio Class Members shall be collectively referred to as the "Class Members."

11. Defendant Cristy's Pizza, Inc. is an Ohio for-profit corporation, organized and existing under the laws of the state of Ohio.

12. Defendant Jason D. Biggs owns and operates Cristy's Pizza, Inc. Defendant Biggs has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein and is an employer of the delivery drivers as defined by the FLSA and the OMFWSA. Biggs has control over the day-to-day business operations of the Cristy's Pizza and Papa Boos restaurants. Among other things, Biggs has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on each corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures. Biggs controls the "purse strings" of the Cristy's Pizza restaurants: he has authority to sign the corporate checks without limitation as to amount, provides funds to purchase goods, as well as to pay employees, and has authority to sign on the checking accounts from which Plaintiff and the Class Members were paid.

13.     Defendant Christopher L. Hammack owns and operates Cristy's Pizza, Inc along with Defendant Biggs. Defendant Hammack has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein and is an employer of the delivery drivers as defined by the FLSA and the OMFWSA. Hammack has control over the day-to-day business operations of the Cristy's Pizza and Papa Boos restaurants. Among other things, Biggs has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on each corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures. Hammack controls the "purse strings" of the Cristy's Pizza restaurants: he has authority to sign the corporate checks without limitation as to amount, provides funds to purchase goods, as well as to pay employees, and has authority to sign on the checking accounts from which Plaintiff and the Class Members were paid.

14.     At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices..

15.     Defendants at all times relevant to this action have had sufficient minimum contacts with the State of Ohio to confer personal jurisdiction. Defendants conduct business throughout Ohio. Furthermore, Defendants contracted with and employed Ohio residents, have Ohio customers, market to residents of Ohio, and own property in Ohio. Upon information and belief, all of Defendants' restaurants are in Ohio.

**COVERAGE**

16.     At all material times, Defendants have been employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

18. At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

19. At all material times, Plaintiff was an employee engaged in the commerce or the production of goods for commerce.

20. At all material times, Defendants have operated as a "single enterprise" within the meaning of 29 U.S.C. § 203(r)(1).

21. Defendants operate a chain of restaurants in Ohio under the names Cristy's Pizza and Papa Boos all under the control of the same senior level management. Indeed, the restaurants advertise themselves as a unified entity through the same website and share a company handbook.

22. At all material times, Defendants have been an employer within the meaning of the OMFWSA. O.R.C. § 4111.03(D)(2).

23. At all material times, Plaintiff was an employee of Defendants within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

## FACTS

24. Defendants operate a chain of restaurants in Ohio under the names Cristy's Pizza and Papa Boos.

25. Plaintiff worked as a "pizza pro" for Defendants from around October, 2015 to around August, 2015 at the Defendants' restaurant located at 1029 S. Court St., Circleville, Ohio 43113.

26. Defendants paid Plaintiff, the FLSA Class Members, and the Ohio Class Members at an hourly rate that, because of various and illegal deductions and non-reimbursements, dropped below the Federal and Ohio minimum wage rates.

27. Defendants violated the FLSA and OMFWSA by enforcing a written policy and practice of requiring Plaintiff and the Class Members to reimburse the restaurant for cash register shortages, when the amount paid by a customer does not fully pay for a bill, or when there were errors in customer orders.

28. Defendants required their employees to pay for their uniforms. These clothing items were required to perform work for Defendants and were primarily for the benefit and convenience of Defendants. The costs for these items were not reimbursed by Defendants and often dropped the employees' pay below minimum wage. Exhibit B is a sample wage statement with a uniform deduction.

29. Defendants also deducted "miscellaneous" expenses from their employees' wages.

30. Because Defendants' hourly employees were required to pay for work related expenses for Defendants' business, their compensation fell below the minimum wage rate.

31. The wage deductions were part of a written policy that was uniformly applied to Defendants' employees. Exhibit C is an excerpt from the company handbook.

32. In other words, by requiring Plaintiff and the Class Members to pay for these work related expenses, their hourly rates of pay were reduced by the amount of these uniform costs, cash shortages, miscellaneous expenses, and other non-reimbursed expenses. As a result, they were not paid the minimum hourly wage.

33. As such, Plaintiff and the FLSA Class Members were not compensated at the Federally mandated minimum wage and Plaintiff and the Ohio Class Members were not compensated at the Ohio minimum wage.

34. Defendants know or should have known that their policies and practices violate the law and Defendants have not made a good faith effort to comply with the FLSA. Rather,

Defendants knowingly, willfully, and/or with reckless disregard of the law carried and continue to carry out their illegal pattern and practice regarding their hourly employees. Defendants' method of paying Plaintiff was not based on a good faith and reasonable belief that its conduct complied with the law.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as pizza pros, delivery drivers, and waitstaff, and those in substantially similar positions, for at least one week during the three year period prior to the commencement of this action to the present.

36. Plaintiff has actual knowledge, through conversations with his co-workers and because the deductions are part of a written policy that a class of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

37. The FLSA Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

38. Like Plaintiff, the FLSA Class Members were subject to the same illegal deductions from their wages.

39. Moreover, the FLSA Class Members were also subject to deductions and expenses that either dropped their compensation below the minimum wage or resulted in their not retaining all of their wages (i.e., walked tabs, uniform expenses, miscellaneous expense deductions, unreimbursed business expenses, and errors in customer's orders).

7

40. Plaintiff and the FLSA Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

41. The names and address of the FLSA Class Members of the collective action are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

42. Although the exact amount of damages may vary among the FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

43. As such, the class of similarly situated Class Members is properly defined as follows:

> **All persons who were or are employed by Defendants as pizza pros, delivery drivers, and waitstaff and substantially similar positions for at least one week during the three year period prior to the commencement of this action to the present.**

## OHIO CLASS ALLEGATIONS

44. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Ohio Class Members which is comprised of the following:

> **All persons who were or are employed by Defendants as pizza pros, delivery drivers, and waitstaff, and substantially similar positions for at least one week during the three year period prior to the commencement of this action to the present.**

45. <u>Numerosity</u>. The number of members in the Ohio Class is believed to exceed forty. This volume makes bringing the claims of each individual member of the Ohio Class before this Court impracticable. Likewise, joining each individual member of the Ohio Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Ohio Class will be

determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Ohio Class and Defendant.

46. <u>Typicality</u>. Plaintiff's claims are typical of the Ohio Class because, like the members of the Ohio Class, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the Ohio Class. Plaintiff and the Ohio Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with Ohio law. As such, Plaintiff's claims are typical of the claims of the Ohio Class. Plaintiff and all members of the Ohio Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

47. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Ohio Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Ohio Class he seeks to represent.

48. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

    a. Whether Plaintiff and the Ohio Class Members were subject to unlawful deductions.

49. The common issues of law include, but are not limited to;

    a. Whether Defendants violated the Ohio Minimum Wage Fair Standards Act;

    b. Whether Plaintiff and the Ohio Class are entitled to compensatory damages;

9

  c. The proper measure of damages sustained by Plaintiff and the Ohio Class Members; and

  d. Whether Defendants' actions were "willful."

50. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Ohio Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Ohio Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

51. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Ohio Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Ohio Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Ohio Class is readily identifiable from Defendants' records.

52. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; and (2) the burden is on Defendants to prove it properly compensated its employees including any potential exemptions that might apply. Ultimately, a class action is a superior form to resolve the Ohio claims detailed herein because of

the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Ohio Class Members per applicable Ohio laws.

**CAUSES OF ACTION**

COUNT I
VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARD ACT
FAILURE TO PAY THE MINIMUM WAGE

53. Plaintiff incorporates the preceding paragraphs by reference.

54. This count arises from Defendants' violation of the OMFWSA failure to pay minimum wages to Plaintiff and the Ohio Class Members.

55. During their employment with Defendants, Plaintiff and the Ohio Class Members were not exempt from the minimum wage provisions of the OMFWSA.

56. Defendants paid Plaintiff and the Ohio Class Members below the minimum wage rate in Ohio, in violation of O.R.C. § 4111.02.

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY THE MINIMUM WAGE

57. Plaintiff incorporates the preceding paragraphs by reference.

58. This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wages. *See* 29 U.S.C. § 206.

59. Plaintiff and the FLSA Class Members were paid hourly rates less than the minimum wage while working for Defendants.

60. Plaintiff and the FLSA Class Members were not exempt from the minimum wage requirements of the FLSA.

61. Defendants' failure to comply with the minimum wage requirements of the FLSA resulted in Plaintiff and the FLSA Class Members being paid less than the Federal minimum wage rate. Defendants' violation of the FLSA were willful.

62. Defendants' failure to pay the minimum wage to Plaintiff and the FLSA Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## WAGE DAMAGES SOUGHT

63. Plaintiff and the Ohio Class Members are entitled to receive the difference between the Ohio minimum wage rate and wage paid for each hour they worked.

64. Plaintiff and the Class Members are entitled to reimbursement for all illegal deductions.

65. Plaintiff and the Class Members are entitled to reimbursement for all work related expenses they paid.

66. Plaintiff and the Class Members are entitled to liquidated damages.

67. Plaintiff and the Class Members are also entitled to recover their attorney's fees and costs, as required by the FLSA and Ohio law.

## JURY DEMAND

68. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

69. For these reasons, Plaintiff respectfully requests that judgment be entered in his favor awarding his and the Class Members:

a. Minimum wage compensation;

b. Liquidated damages;

c. All misappropriated wages wrongfully withheld;

d. An order requiring Defendants to correct their pay practices going forward;

e. Reasonable attorney's fees, costs, and expenses of this action;

f. Pre and post judgment interest; and

g. Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.

Respectfully submitted,

 /s/ Michael L. Fradin
Michael L. Fradin
Law Office of Michael L. Fradin
8401 Crawford Avenue, Suite 104
Skokie, Illinois 60076
Phone: 847-644-3425
Facsimile: 847-673-1228
mike@fradinlaw.com

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Michael L. Fradin
One of the Attorneys for Plaintiff

Michael L. Fradin, Attorney at Law
8 N. Court St. Suite 403
Athens, Ohio 45701
Phone: 847-986-5889
Fax: 847-673-1228